UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
UNITED STATES OF AMERICA                                             :
:
-v-                                                                  :    12-CR-445-2 (JMF)
:
RAMON MORALES,                                                       :    MEMORANDUM OPINION
:                          AND ORDER
Defendant.                                      :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    Defendant Ramon Morales was convicted, following a guilty plea, of conspiracy to distribute and possess with intent to distribute controlled substances, including 280 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (Count One); and using and carrying a firearm in connection with a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Two).  On September 22, 2014, the Court sentenced Morales principally to 216 months' imprisonment (156 months on Count One and 60 months on Count Two, to be served consecutively).  *See* ECF No. 515.  In doing so, the Court varied significantly from the Guidelines range of 322 to 387 months' imprisonment.  *See* Sent. Tr. 44-45.[1]

    Morales now moves, pursuant to 18 U.S.C. § 3582(c)(1)(A), for compassionate release. *See* ECF No. 857 ("Def.'s Mem.").  Section 3582 provides that the Court "may reduce" a defendant's term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" *and* that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3582(a), (c)(1)(A)(i); *see also United States v. Brooker*,

---

[1] The transcript of sentencing was — and remains — sealed.

976 F.3d 228, 233-37 (2d Cir. 2020).  Where, as here, a defendant himself moves for compassionate release, the statute also imposes a mandatory exhaustion requirement, *see* 18 U.S.C. § 3582(c)(1)(A), which Morales has satisfied, *see* ECF No. 861 ("Gov't Mem."), at 3-4 n.2.

Upon review of the parties' motion papers, Morales's motion is denied for failure to establish that there are "extraordinary and compelling reasons" warranting a reduction of his sentence, substantially for the reasons stated by the Government in its opposition.  *See* Gov't Mem. 4-6.  Two of Morales's arguments to the contrary warrant brief discussion.  First, Morales contends that COVID-19, combined with his own underlying health conditions, constitutes an extraordinary and compelling reason.  *See, e.g.*, Def.'s Mem. 1, 8-10; ECF No. 862 ("Def.'s Reply"), at 2, 6-8.  But "the conditions of confinement due to COVID-19 are far better than they were in 2020 or even 2021," *United States v. Galdieri*, No. 19-CR-757-2 (JMF), 2022 WL 2118539, at *1 (S.D.N.Y. June 13, 2022), and Morales fails to establish that the risks to him personally are substantially heightened.  (Indeed, in at least one respect, his representations about his medical circumstances "are belied by his medical records, which were submitted by the Government as part of its opposition (and will be kept under seal)." *Id.*; *see* ECF No. 861, 4 n.4.)  Moreover, Morales cannot claim that the risks of COVID-19 present extraordinary and compelling reasons for his release when he has made the voluntary decision not to reduce those risks by getting vaccinated.  *See, e.g.*, *United States v. Bullock*, No. 18-CR-528 (JMF), 2021 WL 1550424, at *1 (S.D.N.Y. Apr. 20, 2021) ("In declining vaccination Defendant declined the opportunity to reduce his risk exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction."

(cleaned up)).  The fact that Morales can point to one person who died from COVID-19 notwithstanding vaccination, *see* Def.'s Reply 7, does not undermine the point.

Second, Morales argues that there are "extraordinary and compelling reasons" because, if he were sentenced today, he would concededly not qualify as a "career offender" under the United States Sentencing Guidelines.  *See* Def.'s Mem. 2-3; Def.'s Reply 8.  Some courts have held that a change in the applicable Guidelines range can justify a sentence reduction under Section 3582(c)(1)(A)(i).  *See, e.g.*, *United States v. Vargas*, 502 F. Supp. 3d 820, 826-27 (S.D.N.Y. 2020) (citing cases); *cf. Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022). *But see United States v. Valentine*, No. 11-CR-626-1 (CS), 2022 WL 16700524, at *1 (S.D.N.Y. Nov. 3, 2022) ("I am dubious that [the fact that the defendant would not qualify as a career offender today] alone amounts to an extraordinary and compelling circumstance.").  But even if that is the case generally, it does not justify a sentencing reduction here, for two reasons.  First, the fact that Morales was treated as a career offender at the time of his sentencing had only a small effect on the applicable Guidelines range; in the absence of the career offender Guideline, his adjusted Guidelines range would still have been 295 to 353 months' imprisonment.[2]  *Cf. United States v. Lopez*, 523 F. Supp. 3d 432, 439 (S.D.N.Y. 2021) (holding that an error in calculating the defendant's Guidelines range qualified as a "extraordinary and compelling circumstance" justifying a sentencing reduction where the error was "substantial").  Second, and

---

[2]  The effect of the career offender classification was even smaller than the Government argues in its opposition.  *See* Gov't Mem. 6.  Citing the Presentence Investigation Report, the Government asserts that Morales's total offense level for Count One would have been 31 without the career offender enhancement, yielding an adjusted Guidelines range of 262 to 327 months' imprisonment.  *See id.*  But at sentencing, the Court found that Presentence Investigation Report did not adequately account for the drug weight involved in the offense or for Morales's leadership role and, thus, calculated that, absent the career offender enhancement, Morales's total offense level for Count One would actually have been 34 — the exact same as the offense level under the career offender Guideline — not 31.  *See* Sent. Tr. 19, 21-22.

in any event, the career offender Guideline had little or no effect on Morales's actual sentence. *See* Sent. Tr. 44 (expressing agreement with defense counsel's argument that application of the "Draconian" career offender Guideline was "manifestly unfair" and would result in an "excessive" sentence). "Thus, whether or not an errant Guidelines calculation may support relief under § 3582 in some cases, it does not do so here." *United States v. Fiseku*, No. 15-CR.-384-1 (PAE), 2020 WL 7695708, at *4 (S.D.N.Y. Dec. 28, 2020) (rejecting the same argument because, as here, the defendant's career offender "classification . . . did not affect [the Court's] judgment as to the reasonable sentence").

For the reasons stated above, Morales's motion is DENIED. The Clerk of Court is directed to terminate ECF Nos. 857 and 861 and to mail this Memorandum Opinion and Order to:

> Ramon Morales
> Register No. 67053-054
> FCI McDowell
> Federal Correctional Institution
> P.O. BOX 1009
> Welch, WV  24801

SO ORDERED.

Dated: November 29, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge